UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GUY GREENE, | Civil File No. 11-979 (JRT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DENNIS BENSON, CAL LUDEMAN, GREG CARLSON, KEVIN MOSER, DAVID PRESCOTT, JANINE HEBERT, TOM LUNDQUIST, ELIZABETH BARBO, DEBRA JAMES, JULIE ROSE, VICKIE DOE, GARY J. FAHNHORST, JOAN FABIAN, TERRY CARLSON, and KATHLEEN SEBELIUS, | |
| Defendants. | |

Plaintiff commenced this action by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 3.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed as to three of the named Defendants – Joan Fabian, Terry Carlson, and Kathleen Sebelius.

**I. BACKGROUND**

Plaintiff is a civilly committed detainee at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. He is presently attempting to sue several employees of the Minnesota Department of Human Services, who allegedly are involved in the operations of MSOP. Plaintiff claims that those individuals have violated his federal constitutional rights during his confinement at MSOP.

Plaintiff is also attempting to sue Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, as well as two employees of the Minnesota Department of Corrections, ("DOC") – Joan Fabian, the former Commissioner of Corrections, and Terry Carlson, a former warden at the Minnesota Correctional Facility at Moose Lake, Minnesota.  As far as the Court can tell, Plaintiff is attempting to sue Defendant Sebelius, because he believes the MSOP Defendants have not complied with certain federal laws pertaining to Native Americans.  The Court cannot discern any possible explanation for Plaintiff's attempt to sue the two DOC Defendants – Fabian and Carlson.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, the Court finds that Plaintiff has failed to plead any actionable claim for relief against Defendants Sebelius, Fabian and Carlson. Plaintiff apparently thinks that these three Defendants have violated his rights under federal law and the Constitution, but he has not described any specific historical events to support that notion. In 53 pages of pleading Plaintiff has not described any specific acts or omissions by Defendants Sebelius, Fabian or Carlson. His claims against those Defendants are merely conclusory; they are not based on any alleged historical facts.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard with regard to Defendants Sebelius, Fabian and Carlson. The Court will therefore recommend that Plaintiff's claims against those three Defendants be dismissed pursuant to § 1915(e)(2)(B)(ii).

In a separate order, the Court has granted Plaintiff's pending IFP application in this case. Thus, at least for now, Plaintiff will be allowed to pursue his claims against the remaining twelve Defendants named in his complaint, without prejudice to any defenses those Defendants may hereafter attempt to raise.

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims against Defendants Joan Fabian, Terry Carlson, and Kathleen Sebelius be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   April 26, 2011

                                            s/Leo I. Brisbois
                                            LEO I. BRISBOIS
                                            United States Magistrate Judge

## N O T I C E

     Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 10, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.