UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Guy Greene, | Case No. 11-cv-979 (JRT/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dennis Benson et al., | |
| Defendant. | |

---

This matter is before the Court on Defendant Gary J. Fahnhorst's Motion to Dismiss and/or for Summary Judgment ("Motion") (ECF No. 29). Plaintiff Guy Greene filed a complaint against Fahnhorst and others challenging the legality of conditions at the Minnesota Sex Offender Program Moose Lake Facility ("MSOP") on April 19, 2011 (ECF No. 1). Plaintiff, an MSOP detainee, filed an Amended Complaint on August 29, 2011 (ECF No. 20). On September 12, 2011, Fahnhorst, a supervisor in the Sherburne County Health and Human Services Division, filed a motion to dismiss all claims against him in the Amended Complaint (ECF No. 29). On September 19, 2011, the remaining defendants in this action, other than Fahnhorst (hereafter, "State Defendants") brought a separate motion to dismiss raising arguments that are different from the arguments asserted in Fahnhorst's motion. (*See* ECF Nos. 33, 35.) The primary distinction is that Fahnhorst, unlike the other defendants, is not an employee of the State of Minnesota and argues he has no ability or obligation to affect Plaintiff's conditions of confinement at MSOP. (*See* ECF No. 37.)

Due to ongoing class action litigation challenging the conditions of confinement at MSOP in *Karsjens v. Minnesota Department of Human Services*, 11-cv-3659-DWF-TNL ("*Karsjens*"),

1

the Court officially stayed this action on February 6, 2012 pending the resolution of that case. (*See* ECF Nos. 82, 83, 100, 101, 102, 103.)  Final judgment was entered in *Karsjens*, and the Court lifted the stay in this case on October 3, 2022 (ECF No. 118).

Observing that the relevant law had changed significantly since 2011, the Court entered an Order on October 5, 2022 denying the State Defendants' motion to dismiss (ECF No. 33) without prejudice, but granted leave to file an amended motion to dismiss or responsive pleading in 90 days based on current law (ECF No. 119).  Finding the primary arguments Fahnhorst raised were not affected by the passage of time, however, the Court allowed Fahnhorst's Motion to remain pending (ECF No. 119 at 5–6).  Fahnhorst's Motion is now before the Court.

For the reasons given below, the Court finds Plaintiff's Amended Complaint fails to state a plausible claim for relief against Fahnhorst.[1]  The Court accordingly recommends granting Fahnhorst's Motion and dismissing Plaintiff's claims against Fahnhorst without prejudice.

**I.   Summary of Factual Allegations Against Fahnhorst**

Plaintiff sues Fahnhorst and the State Defendants, in both their individual and official capacities (*see* ECF No. 20 at 1, 13 ¶ 24), seeking declaratory and injunctive relief and compensatory and punitive damages. (*Id.* at 88–91.)  Plaintiff raises seventeen causes of action against the Defendants, including Fahnhorst: (1) failure to provide treatment; (2) unreasonable restriction on free speech; (3) unreasonable searches and seizures; (4) invasion of privacy; (5) denial of access to legal materials and legal counsel; (6) denial of Indian health care and affordable Indian housing; (7) denial of the right to religion and religious freedom; (8) denial of less restrictive

---

[1] Because Plaintiff has not had an opportunity to conduct discovery, the Court recommends granting Fahnhorst's Motion to Dismiss based solely on a review of the four corners of the Amended Complaint and does not take the affidavits Fahnhorst offers in support of his Motion for Summary Judgment into account.  (*See* ECF No. 38 and 39.)

alternative placement; (9) denial of the right to be free from cruel and unusual punishment; (10) denial of the right to be free from double jeopardy; (11) denial of due process; (12) conspiracy to deny due process; (13) intentional infliction of emotional distress; (14) negligent infliction of emotional distress; (15) obligation of contracts; (16) separation of powers; and (17) discriminatory practices. (ECF No. 20 ¶¶ 238–262.)[2]  Plaintiff appears to raise all of these causes of action pursuant to 42 U.S.C. § 1983 except his twelfth cause of action, which he brings pursuant to 42 U.S.C. § 1985.

Although Plaintiff asserts the same allegations of misconduct against all Defendants and appears to regard their responsibilities and roles with respect to his treatment equally, Fahnhorst is different.  Plaintiff asserts he is suing all Defendants, including Fahnhorst, "in their individual capacities and in their official capacities *as employees of DHS*."[3] (ECF No. 20 ¶ 24, emphasis added.)  Similarly, Plaintiff alleges that "all defendants acted under color of law and under color of their authority *as officers and employees of DHS or DOC*."[4] (*Id.* ¶ 25, emphasis added.)   But Plaintiff admits that Fahnhorst, unlike the State Defendants, "is employed by Sherburne County" and not by DHS, DOC or any other State agency. (*Id.* ¶ 23.)

Plaintiff further claims Fahnhorst has "supervisory authority and responsibility for the administration and operation of Human Services," for promulgating, implementing and approving all welfare policies, for training all "Social Services" personnel, "for the custody and treatment of Mr. Greene[,]" and that Fahnhorst is "a member of the clinical team" who knew or should have

---

[2] What should be paragraph 262 is incorrectly written as paragraph 248 (ECF No. 20 at 88).

[3] DHS refers to the Minnesota Department of Human Services, the agency in charge of MSOP. *See* https://mn.gov/dhs/people-we-serve/adults/services/sex-offender-treatment/, (last accessed Jan. 25, 2023).

[4] DOC refers to the Minnesota Department of Corrections.

3

known about the various MSOP policies and practices that have harmed Plaintiff. (*Id.*) Absent from these conclusory allegations is any explanation of how Fahnhorst—in his capacity as a Social Services Supervisor for Sherburne County (*see id.*)—could have had any authority to impact MSOP policy and practice or any capacity to affect Plaintiff's treatment or conditions of confinement at that facility.

Plaintiff raises no other allegations in the Amended Complaint that are specific to Fahnhorst. Instead, Fahnhorst is repeatedly lumped into a long list of defendants who purportedly all engaged in the same alleged misconduct or illegal policy design (*see, e.g.*, ECF No. 20 ¶ 49, claiming "Mr. Dennis Benson, Cal R. Ludeman, Greg Carlson, Kevin Moser, David Prescott, Janine Herbert, Tom Lundquist, Elizabeth Barbo, Debra James, Julie Rose, Vickie Aldridge, and Gary Fahnhorst" together established lock-downs as a form of punishment at MSOP), or together jointly knew or should have known about some alleged misconduct (*see, e.g., id.* ¶ 64, claiming "Mr. Dennis Benson, Cal R. Ludeman, Greg Carlson, Kevin Moser, David Prescott, Janine Herbert, Tom Lundquist, Elizabeth Barbo, Debra James, Julie Rose, Vickie Aldridge, and Gary Fahnhorst knew or should have known that [Plaintiff] had been denied access to the gym or yard and approved of it or failed to stop it"). Nowhere in the Amended Complaint is any allegation that Fahnhorst in particular made any decision or participated directly in any misconduct that caused injury to Plaintiff.

## II.   Analysis

### A.   Pleading Standard

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court must accept all alleged facts as true and afford the plaintiff all reasonable inferences arising from the

alleged facts. *Khan v. Country Mut. Ins. Co.*, 13-cv-1649-SRN-JJG, 2013 WL 12155785, at *1 (D. Minn. Dec. 6, 2013) (citing *Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012)). However, courts exclude from consideration all "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 578 (2009).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a complaint include "a short plain statement of the claim showing the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Rule 11(b) places additional requirements on pleadings filed both by "an attorney or unrepresented party." Fed. R. Civ. P. 11(b). Any party who files "a pleading, written motion, or other paper … [with the Court] certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … [that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Id.* at 11(b)(3).

Taken together, "[i]t is the plaintiffs' burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." *Gurman v. Metro Hous. Dev. Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011). Courts in the District of Minnesota have "repeatedly criticized the filing of 'kitchen-sink' or

'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant." *Id.* at 1153 (collecting cases). Such complaints shift "onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." *Id.* Most problematically for plaintiffs filing 'kitchen-sink' complaints, it becomes nearly impossible for the court to discern whether they state viable claims for relief because their allegations become "wreathed in a halo of frivolous and near-frivolous legal claims. The bad obscures the good." *Id.* at 1154. *See also, e.g.*, *White v. Dayton*, 11-cv-03702-NEB-DJF, 2023 WL 21918, at *3 (D. Minn. Jan. 3, 2023) (noting that when plaintiffs "impute nearly every action in the Complaint to every Defendant, it is impossible for the Court to determine from the pleadings which of the allegations it should construe literally, and which it should assume result from sloppy draftsmanship").

### B.     Individual Capacity Claims

The Amended Complaint is largely an attack against various MSOP policies and practices, and Plaintiff himself states that he intends to sue "all defendants … in their individual capacities and *in their official capacities as employees of DHS*." (ECF No. 20 ¶ 24, emphasis added.) However, Plaintiff pleads Fahnhorst is an employee of Sherburne County; not the Minnesota Department of Human Services. (*Id.* ¶ 23.)  Because Plaintiff does not allege why or how a Sherburne County employee such as Fahnhorst could have been involved in any of the misconduct at MSOP alleged in the Amended Complaint, Plaintiff ultimately fails to state a plausible claim for relief against Fahnhorst in his individual capacity.

The Court also recommends dismissal of the claims against Fahnhorst because of the kitchen-sink manner in which they are pled.  Other than paragraph 23, in which Plaintiff admits Fahnhorst is not an MSOP employee, Plaintiff only makes allegations against Fahnhorst in the

context of joint allegations against the Defendants as a whole. And with respect to Fahnhorst, who does not work at MSOP, many of these allegations are almost certainly not true. (*See, e.g.*, ECF No. 20 ¶ 49, alleging Fahnhorst took part in establishing a common form of punishment at MSOP that involved locking residents in their rooms; ECF No. 178, alleging Fahnhorst took part in directing MSOP officials to monitor his telephone calls). It is impossible for the Court to determine from this shotgun pleading approach "which of the allegations [against Fahnhorst] it should construe literally, and which it should assume result from sloppy draftsmanship." *White*, 2023 WL 21918, at *3 (recommending dismissal of a kitchen-sink style pleading, in part, on this basis). The individual capacity claims against Fahnhorst should be dismissed for these reasons.

C.   **Official Capacity Claims**

The grounds for dismissing Plaintiff's official capacity claims—which are predicated solely on employment with DHS—are even more stark. *See White*, 2023 WL 21918, at *14 (dismissing MSOP plaintiffs' official capacity claims against county official defendants, including in one instance, Fahnhorst); *see also Gardner v. Minnesota*, 2019 WL 1084714, at *14 (dismissing an MSOP plaintiff's official capacity claims seeking injunctive relief against defendants who were not capable of making policy changes).

To the extent Plaintiff seeks monetary damages from Fahnhorst in his official capacity, Plaintiff must establish that a violation of his constitutional rights "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Atkinson v. City of Mountain View, Missouri*, 709 F.3d 1201, 1214 (8th Cir. 2013) (citations and quotations omitted). Plaintiff does not allege that any of his injuries stem from Sherburne County's policies, practices, or a failure to train or supervise its employees. *See White*,

2019 WL 1084714, at *14. Plaintiff accordingly fails to state any claims for monetary relief against Fahnhorst in his official capacity.

To the extent Plaintiff seeks injunctive relief, he must assert official capacity claims for injunctive relief "against defendants who are capable of making [the sought after] policy changes." *Gardner*, 2019 WL 1084714, at *14 (citations omitted). But Plaintiff alleges Fahnhorst is a Sherburne County employee (ECF No. 20 ¶ 23) and does not explain why or how Fahnhorst has the authority to change the MSOP policies at issue in this action. *See White*, 2019 WL 1084714, at *14 (recommending dismissal of MSOP official capacity claims for injunctive relief against county defendants for this reason). Accordingly, Plaintiff fails to state a claim for injunctive relief against Fahnhorst in his official capacity.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Defendant Gary J. Fahnhorst's Motion to Dismiss (ECF No. [29]) be **GRANTED** and that the Court dismiss Plaintiff's claims against Defendant Gary Fahnhorst **WITHOUT PREJUDICE.**

Dated: January 26, 2023       *s/ Dulce J. Foster*
                              Dulce J. Foster
                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).