UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| GUY GREENE,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS BENSON, CAL LUDEMAN, GREG CARLSON, KEVIN MOSER, DAVID PRESCOTT, JANINE HEBERT, TOM LUNDQUIST, ELIZABETH BARBO, DEBRA JAMES, JULIE ROSE, VICKIE ALDRIDGE, and GARY J. FAHNHORST,<br><br>Defendants. | Civil No. 11-979 (JRT/DJF)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT GARY F. FAHNHORST** |

Guy Greene, OID #157305, 1111 Highway 73, Moose Lake, MN 55767, a pro se plaintiff.

Aaron Winter, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for Defendants Dennis Benson, Cal Ludeman, Greg Carlson, Kevis Moser, David Prescott, Janine Hebert, Tom Lundquist, Elizabeth Barbo, Debra James, Julie Rose, and Vickie Aldridge.

James R. Andreen and Samantha R. Alsadi, **ERSTAD & RIEMER, P.A.,** 7301 Ohms Lane, Suite 400, Minneapolis, MN 55439, for Defendant Gary J. Fahnhorst.

Plaintiff Guy Greene alleges that Defendants deprived him of his federal and state constitutional and statutory rights while confined to the Minnesota Sex Offender Program ("MSOP"). He brought this action against Defendants each in their individual capacity and in their official capacity as employees of the Department of Human Services. Defendant

Gary J. Fahnhorst moved to dismiss Greene's claims against him because Fahnhorst is a supervisor in the Sherburne County Health and Human Services Division—not the Minnesota Department of Human Services. Magistrate Judge Dulce J. Foster reviewed Fahnhorst's motion and issued a Report and Recommendation ("R&R") recommending the Court dismiss Greene's claims because Fahnhorst is a county employee and Greene did not allege how a county employee could have impacted the MSOP conditions. Greene objects to the R&R, arguing that Fahnhorst is liable under the special relationship and state-created-danger doctrines. Because the Court concludes that Greene failed to state a claim against Fahnhorst in either his individual or official capacity, the Court will overrule Greene's objections, adopt the R&R, and grant Fahnhorst's Motion to Dismiss.

**BACKGROUND**

**I.  FACTS**

Guy Greene is a patient in the Minnesota Sex Offender Program ("MSOP"), which is operated by the Minnesota Department of Human Services ("DHS"). (Am. Compl. ¶ 11, Aug. 29, 2011, Docket No. 20.) Greene alleges that Defendants, who he claims were all employed by the State of Minnesota and/or the DHS, violated his constitutional rights. (*Id.* ¶ 11.B.)

One of the Defendants Greene identified is Gary J. Fahnhorst. (*Id.* ¶ 23.) Greene claims that Fahnhorst has supervisory authority and responsibility for the administration and operations of Human Services, and that he is also involved in the development and

implementation of all "Welfare policies, practices, and procedures." (*Id.*) Fahnhorst allegedly trains all Social Services personnel and is responsible for Greene's custody and treatment. (*Id.*) Greene claims that Fahnhorst "directly participated in and exercised reasonably close supervision of the personnel who are responsible for the deprivation of Mr. Greene's constitutional rights." (*Id.*) However, Greene identifies Fahnhorst as an employee of Sherburne County—not the DHS like the other Defendants. (*Id.*) In his memorandum opposing the present motion, Greene also states that Fahnhorst signed the petition to have Greene civilly committed to the MSOP. (Mem. Opp. Def.'s Mot Dismiss ¶¶ 9–15, Oct. 24, 2011, Docket No. 51.) However, this fact was not included in his Amended Complaint.

## II.     PROCEDURAL HISTORY

Greene brought this action against Defendants in 2011, alleging that Defendants violated his constitutional rights. (Am. Compl. at 1–2; Compl., Apr. 19, 2011, Docket No. 1.) Specifically, Greene alleges that the conditions of his confinement were unconstitutionally restrictive, Defendants restricted his liberty, Defendants imposed punishment without due process, and Defendants failed to provide him with adequate treatment. (Am. Compl. at 1–2.) Greene brought claims against the Defendants in both their individual and official capacities "as employees of the Department of Human Services." (*Id.* at 1.) He asks for damages, injunctive relief, and declaratory relief, among other things. (*Id.* at 88–91.)

Fahnhorst moved to dismiss Greene's claims against him on September 12, 2011, arguing that he had no ability or obligation to affect Greene's conditions of confinement because he is employed by Sherburne County, not DHS. (Fahnhorst's Mot. Dismiss, Sept. 12, 2011, Docket No. 29; Def. Fahnhorst's Mem. Supp. Mot. Dismiss at 1, Oct. 12, 2011, Docket No. 37.) The other Defendants filed a separate motion to dismiss on different grounds. (Defs.' Mot. Dismiss, Sept. 19, 2011, Docket No. 33; Defs.' Mem. Supp. Mot. Dismiss, Sept. 19, 2011, Docket No. 35.) Greene opposes Fahnhorst's Motion to Dismiss, seemingly arguing that Fahnhorst has a duty to protect Greene under the special relationship doctrine because Fahnhorst signed the pre-petition order for Greene's civil commitment. (Mem. Opp. Def.'s Mot Dismiss Fahnhorst ¶¶ 9–15.) Greene claims that Fahnhorst "has the power to petition the court" to assure Greene's safety, as well as a "moral obligation coming within the purview of federal law" regarding Greene's treatment, rehabilitation, and welfare. (*Id.* ¶¶ 17, 33.)

This case was then stayed pending the disposition of a class action challenging the conditions of confinement at the MSOP, *Karsjens v. Minnesota Department of Human Services*, Case No. 11-3659. (Order Staying Case at 10–11, Jan. 25, 2012, Docket No. 82.) Final judgment was entered in *Karsjens*, and the stay was lifted on October 3, 2022. (Order Lifting Stay at 24–25, Oct. 3, 2022, Docket No. 118.) The Court determined that the law at issue in Fahnhorst's Motion to Dismiss "had not been dulled by the passage of

time" and allowed his motion to remain pending. (Order at 6, Oct. 5, 2022, Docket No. 119.)

Accordingly, the Magistrate Judge then considered Fahnhorst's Motion to Dismiss. (R. & R. at 2, Jan. 26, 2023, Docket No. 130.) The Magistrate Judge reviewed Fahnhorst's motion and Greene's Amended Complaint and recommended the Court dismiss the claims against Fahnhorst because there are no allegations as to how Fahnhorst, as a Sherburne County employee, could have had authority to impact MSOP policy and practice or Greene's treatment and conditions. (*Id.* at 6.) Further, there were no other allegations in Greene's Amended Complaint specific to Fahnhorst. (*Id.* at 6–7.) Thus, Greene failed to state a claim against Fahnhorst in his individual capacity. The Magistrate Judge also recommended the Court dismiss Greene's claims against Fahnhorst in his official capacity because those are predicated solely on employment with DHS. (*Id.* at 7.)

Greene objects to the Magistrate Judge's R&R and asks for appointment of counsel. (*See generally* Pl.'s Obj. R. & R., Feb. 13, 2023, Docket No. 133.) The content of Greene's objection is largely irrelevant to the matter at hand, but he seems to argue that his claims against Fahnhorst should survive the Motion to Dismiss because he adequately pled a claim under the special relationship and "state-created-danger" doctrines. (*Id.* at 3.) Fahnhorst opposes Greene's objection. (*See* Resp. Pl.'s Obj. R. & R., Feb. 27, 2023, Docket No. 137.)

**DISCUSSION**

**I.      STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing de novo, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable."). However, de novo review of a magistrate judge's R&R "only means a district court 'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Riesselman*, 708 F. Supp. 2d 797, 807 (N.D. Iowa 2010) (quoting *United States v. Raddatz*, 447 U.S. 667, 675 (1980)).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require a de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given

such a concise record."). However, "pro se litigants are not excused from failing to comply with substantive or procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II.  ANALYSIS

In light of Greene's pro se status and the dispositive nature of this motion, the Court will review the R&R de novo. *See* LR 7.1(c)(6)(B) (identifying motions to dismiss as dispositive).

### A.  Rule 8(a)(2)

As a preliminary matter, the Court notes that Greene has not complied with the requirements of Federal Rule of Civil Procedure 8. Rule 8(a) requires claims for relief to be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff files a "kitchen sink" or "shotgun" complaint asserting every conceivable claim against every conceivable defendant, that complaint fails to meet Rule 8's requirements because "it does not provide fair notice" of the allegedly offending conduct to each defendant. *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831–32, 839–40 (D. Minn. 2012) (adopted opinion of magistrate judge) (dismissing complaint where plaintiff "cut and paste[d] the elements of a cause of action into a complaint" and alleged a claim that "border[ed] on the frivolous" in an effort to "throw[ ] up [claims] against the wall to see [what] would stick").

Greene's Amended Complaint fails to satisfy Rule 8's requirements. It is neither short nor plain. It spends only one paragraph detailing allegations against Fahnhorst, and otherwise lumps Fahnhorst with the other Defendants. And, since most of the claims against the other Defendants rely on those Defendants working at the MSOP, they are

-8-

not plausible as to Fahnhorst. (*E.g.*, Am. Compl. ¶ 178 (claiming the MSOP employees monitored Greene's telephone calls without alleging how a Sherburne County employee could have the ability to monitor such calls).) Greene has not given Fahnhorst "fair notice" of the allegations against him.

That Greene's Amended Complaint fails Rule 8 is grounds for dismissal. However, for the sake of completeness, the Court will also consider Fahnhorst's Rule 12 arguments.

### B. Official Capacity Claims

First, Greene brings claims against the Defendants in their official capacity "as employees of DHS." (Am. Compl. ¶¶ 24–25.) But in his Amended Complaint, Greene identifies Fahnhorst as the Sherburne County Social Services Supervisor—meaning that Fahnhorst is not actually employed by DHS. (*Id.* ¶ 23.) Because Greene's official capacity claims against Fahnhorst depend on Fahnhorst being a DHS employee, which Fahnhorst is not, his official capacity claim must fail.

Even if Greene had brought an official capacity claim against Fahnhorst as an employee of Sherburne County, his claims against Fahnhorst would still be dismissed. Lawsuits against government employees in their official capacity are treated as claims against the government entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Though generally plaintiffs may not bring damages suits against a state government unless the state waives its Eleventh Amendment immunity from claims in federal court, plaintiffs may bring an action against a municipality, such as a county, if the

plaintiffs allege injury resulting from the municipality's customs or policies.  *See e.g., Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

While Greene does allege that Fahnhorst has a supervisory role in Sherburne County in which he is responsible for promulgating and directing "the various policies, practices and procedures concerning the manner and scope of the treatment" that caused Greene injury, such statements are not sufficiently definite to survive Fahnhorst's Motion to Dismiss.  Greene has not identified any specific policies or practices that Fahnhorst plausibly influenced and has not described exactly how Sherburne County would have authority to impact the MSOP program.  Because Greene has merely stated "naked assertions devoid of further factual enhancement," the Court must dismiss the claims against Fahnhorst in his official capacity.  *Iqbal*, 556 U.S. at 678 (internal quotation omitted).

### C. Individual Capacity Claims

Likewise, the Court must dismiss the claims against Fahnhorst in his individual capacity.  Here again, Greene has failed to plead sufficient plausible factual matter to state a claim to relief.  *See id.*  Greene does not allege exactly how Fahnhorst—a Sherburne County employee—could have been involved in the alleged misconduct at the MSOP.

In his memorandum, Greene asserts that Fahnhorst signed the petition that led to Greene being civilly committed.  This assertion was not included in Greene's Amended Complaint, but Greene argues that it confers a claim to relief under the special

relationship and state-created-danger doctrines. Even giving Greene the benefit of the doubt and assuming this assertion to be true, Greene has not alleged a claim to relief because neither doctrine applies here.

### 1. Special Relationship Doctrine

There is only a duty to act for the protection of another if a special relationship exists between the parties and the risk involved was foreseeable. *Erickson v. Curtis Inv. Co.*, 447 N.W.2d 165, 168–69 (Minn. 1989). A special relationship can arise from (1) the status of the parties, such as parent and child; (2) where an individual has "custody of another person under circumstances in which that other person is deprived of normal opportunities of self-protection"; or (3) where an individual assumes responsibility for a duty owed by one individual to another. *Bjerke v. Johnson*, 742 N.W.2d 660, 665 (Minn. 2007) (citations omitted).

At issue here is the second type of special relationship. A court determining if a special relationship exists will consider "the vulnerability and dependency of the individual, the power exerted by the defendant, and the degree to which the defendant has deprived the plaintiff of her ordinary means of protection." *Becker v. Mayo Found.*, 737 N.W.2d 200, 213 (Minn. 2007); *see also In re Target Corp. Customer Data Sec. Breach Litig.*, 64 F. Supp. 3d 1304, 1308–09 (D. Minn. 2014) (explaining that in addition to a special relationship, the risk must also be foreseeable for a defendant to be liable). Influencing these factors is whether the defendant accepted absolute authority over the individual, and whether the defendant controlled the individual's daily welfare. *See H.B.*

*ex rel. Clark v. Whittemore*, 552 N.W.2d 705, 708–09 (Minn. 1996). Further, cases recognizing a special relationship have hinged in part on the defendant exercising some control over the harm-causing third-party.[1]

Here, Greene has not alleged sufficient facts to find Fahnhorst had a special relationship with him.  He makes no allegations in his Amended Complaint that he was at any point in the custody of Fahnhorst and Sherburne County, much less that Fahnhorst had control over his daily welfare.  He claims for the first time in his briefing that it was Fahnhorst who petitioned for his civil commitment, but the court can only consider factual allegations made in the complaint.  *Iqbal*, 556 U.S. at 678.  Regardless, this would still be insufficient to plausibly claim Greene was in the custody of Fahnhorst so as to establish a special relationship.  Further, Greene has also failed to allege that Fahnhorst was, or could have been, aware of a foreseeable risk that Greene would be harmed if put in the care of the MSOP, or that Fahnhorst had any control over the MSOP.  *See In re Target Corp.*, 64 F. Supp. 3d at 1308–09 (discussing the foreseeability requirement).

Greene's allegations that a special relationship existed amount to at best "labels and conclusions, and a formulaic recitation of the elements," which clearly fall short of

---

[1] *See Erickson v. Curtis Inv. Co.*, 447 N.W.2d 165 (Minn. 1989) (finding parking ramp owner had a duty to exercise reasonable care to deter criminal activity that could harm its customers); *Sylvester v. Nw. Hosp. of Minneapolis*, 236 Minn. 384 (1952) (finding hospital liable for patient being injured by violence of another intoxicated patient); *Mesedahl v. St. Luke's Hosp. Ass'n of Duluth*, 194 Minn. 198 (1935) (holding hospital had duty to exercise reasonable care to prevent patient from committing suicide).

the pleading standard. *Twombly*, 550 U.S. at 555. While the Court construes a pro se litigant's filings more leniently, it cannot "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

### 2. State-Created-Danger Theory

Greene also argues the state-created-danger theory of liability applies. Under this theory, Greene must prove (1) he was a member "of a limited, precisely definable group"; (2) Fahnhorst's conduct put him "at significant risk of serious, immediate, and proximate harm"; (3) "the risk was obvious or known" to Fahnhorst; (4) Fahnhorst "acted recklessly in conscious disregard of the risk"; and (5) Fahnhorst's "conduct shocks the conscience." *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005). Actionable claims that satisfy the fifth factor involve "abuse of power so brutal and offensive" that it does not "comport with traditional ideas of fair play and decency." *Id.* at 806. Mere negligence or even gross negligence do not satisfy this requirement. *Id.* at 805. Instead, a state-created-danger claim usually requires proof of intent to harm, though proof of deliberate indifference may also suffice. *Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005). To show deliberate indifference, an official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hart*, 432 F.3d at 806.

Greene has not alleged sufficient facts to state a plausible claim under the state-created-danger theory of liability. Again, while Greene alleges in his brief that Fahnhorst

petitioned for him to be civilly committed, there is nothing in his complaint that alleges it was Fahnhorst's conduct that put him "at significant risk of serious, immediate, and proximate harm." *Hart*, 432 F.3d at 805; *see also Iqbal*, 556 U.S. at 678.  Nor does Greene allege any facts that plausibly show Fahnhorst was aware of facts at the time he took any alleged conduct from which he could draw the inference a substantial risk of harm existed in the MSOP.  Further, he does not allege that Fahnhorst actually drew such an inference from any potential facts.  Therefore, he has failed to allege Fahnhorst was deliberately indifferent to any risk of harm at the MSOP and thus failed to show Fahnhorst's conduct "shocks the conscience." *Hart*, 432 F.3d at 805.

Greene's has failed to plead a cause of action against Fahnhorst, and the special relationship and state-created-danger theories are not applicable here.  Therefore, the Court will dismiss Greene's claims against Fahnhorst.

### D. Appointment of Counsel

Lastly, Greene's objection to the R&R asks the Court to appoint him counsel.  There is no constitutional or statutory right to appointed counsel in civil cases like this. *Edington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).  A court may choose to appoint counsel but is not required to do so.  "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting

testimony, and the ability of the indigent to present his claim." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

Greene has neither filed a motion for an appointment of counsel nor made a showing that appointment of counsel is necessary in this case. The appropriate course of action is for Greene to file a motion for an appointment of counsel that details why counsel is necessary in this present action, which the Court may then consider.

## CONCLUSION

Greene's Amended Complaint fails to satisfy the Rule 8 requirements and overcome Fahnhorst's Motion to Dismiss. Further, the special relationship and state-created-danger doctrines are not applicable. The Court will therefore adopt the Magistrate Judge's R&R.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Gary J. Fahnhorst's Motion to Dismiss and/or for Summary Judgment [Docket No. 29] is **GRANTED**;

2. Plaintiff's claims against Defendant Gary J. Fahnhorst are dismissed without prejudice;[2]

3. Plaintiff's Objection to the Report and Recommendation [Docket No. 133] is **OVERRULED**; and

4. The Magistrate Judge's Report and Recommendation [Docket No. 130] is **ADOPTED**.

DATED: March 14, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[2] "Without prejudice" means that Greene may refile his claims against Fahnhorst. Greene's claims against the other Defendants may proceed without refiling.