UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| GUY GREENE,<br><br>               Plaintiff,<br><br>v.<br><br>DENNIS BENSON, CAL LUDEMAN, GREG CARLSON, KEVIN MOSER, DAVID PRESCOTT, JANINE HEBERT, TOM LUNDQUIST, ELIZABETH BARBO, DEBRA JAMES, JULIE ROSE, VICKIE ALDRIDGE,<br><br>               Defendants. | Civil No. 11-979 (JRT/DJF)<br><br>MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND AFFIRMING THE ORDER |

---

Guy Greene, OID #157305, 1111 Highway 73, Moose Lake, MN 55767, a pro se plaintiff.

Aaron Winter, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for Defendants.

Plaintiff Guy Greene alleges that Defendants deprived him of his federal and state constitutional and statutory rights while confined to the Minnesota Sex Offender Program ("MSOP"). He brought this action against Defendants each in their individual capacity and in their official capacity as employees of the Department of Human Services. Defendants moved to dismiss Greene's claims as precluded by the final judgment in *Karsjens v. Minnesota Department of Human Services*, Case No. 11-3659. *See Karsjens v. Harpstead*, No. 11-3659, 2022 WL 542467, at *1 (D. Minn. Feb. 23, 2022), *aff'd*, No. 22-1459, 2023 WL 4537942 (8th Cir. July 13, 2023). Greene opposes that motion and subsequently

moved for sanctions, for appointment of counsel, and to consolidate cases. Because the Court finds that the Magistrate Judge did not clearly err in denying Greene's Motion for Appointment of Counsel or Greene's Motion for Sanctions, the Court will affirm the Magistrate Judge's order. Because the Court agrees with the Magistrate Judge that each of Greene's claims are precluded by the final judgment in *Karsjens*, the Court will grant Defendants' Motion to Dismiss and dismiss each of Greene's claims with prejudice. Finally, the Court will deny Greene's Motion to Consolidate as moot.

## BACKGROUND

### I. FACTS

Guy Greene is a patient in the Minnesota Sex Offender Program ("MSOP"), which is operated by the Minnesota Department of Human Services ("DHS"). (Am. Compl. ¶ 11, Aug. 29, 2011, Docket No. 20.) Greene alleges that Defendants, who he claims were all employed by the State of Minnesota and/or the DHS, violated his constitutional rights. (*Id.* ¶ 11.B.) Specifically, Greene alleges that the conditions of his confinement were unconstitutionally restrictive, Defendants restricted his liberty, Defendants imposed punishment without due process, and Defendants failed to provide him with adequate treatment. (Am. Compl. at 1–2.) The bulk of Mr. Greene's allegations are pled broadly against all named Defendants, without specifying each individual Defendant's conduct. (*See generally* Am. Compl.; *see also* R. & R. at 4–5, June 5, 2023, Docket No. 154 (providing examples of overly generalized allegations).) Greene brought claims against the Defendants in both their individual and official capacities "as employees of the

Department of Human Services." (Am. Compl. at 1.) He asks for damages, injunctive relief, and declaratory relief, among other things. (*Id.* at 88–91.)

Greene brought this action against Defendants in 2011. (*See generally* Compl., Apr. 19, 2011, Docket No. 1.) This case was then stayed pending the disposition of a class action challenging the conditions of confinement at the MSOP, *Karsjens v. Minnesota Department of Human Services*, Case No. 11-3659, and in which Greene was a class member. (Order Staying Case at 10–11, Jan. 25, 2012, Docket No. 82.) Final judgment was entered in *Karsjens*, and the stay was lifted on October 3, 2022. (Order Lifting Stay at 24–25, Oct. 3, 2022, Docket No. 118.)

After the stay was lifted, Defendants filed a motion to dismiss the Amended Complaint. (Mot. Dismiss, Jan 3, 2023, Docket No. 120.) Greene subsequently filed a Motion to Consolidate, a Motion for Sanctions, and a Motion to Appoint Counsel. (Mot. Consolidate Cases, Jan. 23, 2023, Docket No. 126; Mot. Sanctions, Mar. 20, 2023, Docket No. 141; Mot. Appoint Counsel, Mar. 27, 2023, Docket No. 144.)

Magistrate Judge Dulce J. Foster issued an order denying the Motion for Sanctions and the Motion to Appoint Counsel. (*See* R. & R. at 19.) She also issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' Motion to Dismiss and deny Greene's Motion to Consolidate as moot. (*Id.*) Greene appeals the Magistrate Judge's order denying his motions for sanctions and to appoint counsel and

objects to the Magistrate Judge's R&R recommending dismissal of his claims. (*See generally* Pl.'s Obj. R. & R., June 20, 2023, Docket No. 156.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing de novo, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable."). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require a de novo review of all alleged errors.

*See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). However, "pro se litigants are not excused from failing to comply with substantive or procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.  ANALYSIS

Although Greene's pro se status and the dispositive nature of some of these motions favors de novo review, the Court will review each of the Magistrate Judge's orders and recommendations for clear error because the Court finds that Greene has not "properly" objected to the R&R. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition [of a dispositive motion] that has been properly objected to."). It is well established that objections which are not specific, or which merely repeat arguments presented to a Magistrate Judge, are not entitled to de novo review. *See, e.g., Martinez v. Astrue*, No. 10–5863, 2011 WL 4974445, at *3 (E. D. Pa. Oct. 19, 2011) (collecting cases).

After carefully reviewing Greene's objection, the Court finds that Greene neither raises arguments not previously before the Magistrate Judge nor identifies the specific portions of the Magistrate Judge's analysis or recommendations that he finds to be

erroneous.[1]  After reviewing the pleadings and papers, the Court concludes that the Magistrate Judge did not clearly err and will adopt the R&R's analysis of Greene's claims in full.  (*See* R. & R. at 9–18.)  The Court will therefore affirm the order denying Greene's motions for sanctions and for appointment of counsel and will adopt the R&R's recommendations as to the remaining motions.

Even if the Court were to apply de novo review in this case, the Court agrees with the Magistrate Judge that the Amended Complaint must be dismissed because each of Greene's claims are precluded by the final judgment in *Karsjens.*  (*See* R. & R. at 9–13. (comparing Greene's claims with those in *Karsjens*).)  Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  The elements of claim preclusion are that: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action."  *See Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (citation omitted).  The Court finds that each element is met in this case.

---

[1] In fact, the bulk of Greene's objection appears to focus on the denial of appointment of counsel, which is not entitled to de novo review.  *See Hollie v. Essentia Health Moose Lake Clinic*, No. 22-314, 2022 WL 2817107, at *1 (D. Minn. July 19, 2022).

First, as the Magistrate Judge properly noted, it is undisputed that the *Karsjens* lawsuit resulted in a final judgment, which has now been affirmed by the Eighth Circuit. *See Karsjens v. Harpstead*, No. 22-1459, 2023 WL 4537942 (8th Cir. July 13, 2023).  Second, there is no dispute that the *Karsjens* court had jurisdiction.  *See id.* at *1 (noting that there was jurisdiction).  Third, there is also no dispute that the parties in this lawsuit were parties in the *Karsjens* litigation—or at least in privity with parties in that litigation.  (*See* R. & R. at 11 (explaining that each defendant was sued in connection with their alleged roles and responsibilities as representatives of the MSOP).)  Finally, the Court concludes that each lawsuit is based on the same claims or causes of action arising from the same set of facts.  *See Murphy v. Jones*, 877 F.2d 682, 684–85 (8th Cir. 1989) ("[W]hether two claims are the same for res judicata purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate.").  Therefore, Greene is bound by the outcome in *Karsjens* and each of his claims must necessarily fail because they: (1) either challenge the constitutionality of the MSOP practices upheld in *Karsjens,* or (2) should have been raised in *Karsjens* given that they arise out of the same set of facts and circumstances.

Finally, to the extent that Greene attempts to raise a claim under the standard set in *Youngberg v. Romero*, 457 U.S. 307 (1982)[2], that too fails because the Eighth Circuit has

---

[2] Under Youngberg, a "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial

-7-

already decided that failure to raise this issue before the district court in *Karsjens* resulted in waiver, which in turn must have preclusive effect here. To find otherwise would be to circumvent the purpose of the doctrine of *res judicata*. *See Allen*, 449 U.S. at 94 (explaining that "res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."). Because the issue was waived in *Karsjens*, it may not be raised here.

## CONCLUSION

The Court concludes that the Magistrate Judge did not clearly err in denying the motions for sanctions and for appointment of counsel. The Court also concludes that Greene's Amended Complaint must be dismissed because all claims are precluded by the final judgment in the *Karsjens* litigation. While there may be reasoned disagreement with the result in *Karsjens,* the Court is bound by the decision and must dismiss this case. Finally, the Court denies Greene's Motion to Consolidate as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323.

1. The Magistrate Judge's order [Docket No. 155] denying Greene's Motion for Sanctions [Docket No. 141] and denying Greene's Motion to Appoint Counsel [Docket No. 144] is **AFFIRMED**;

2. Greene's Objection to the Magistrate Judge's Report and Recommendation [Docket No. 156] is **OVERRULED**;

3. The Magistrate Judge's Report and Recommendation [Docket No. 154] is **ADOPTED;**

4. Defendants' Motion to Dismiss [Docket No. 120] is **GRANTED;**

5. Greene's Amended Complaint [Docket No. 20] is **DISMISSED WITH PREJUDICE;** and,

6. Greene's Motion to Consolidate Cases [Docket No. 126] is **DENIED AS MOOT.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 7, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge